01
02
03
04
05

06 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
07 AT SEATTLE

08 KIM LAWRENCE SHYVERS, )
 ) CASE NO. C12-0959-MJP-MAT
09     Petitioner, )
 )
10     v. )
 ) REPORT AND RECOMMENDATION
11 VINCENT GOLLOGLY, et al., )
 )
12     Respondents. )
 )
13

14 <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

15     Kim Lawrence Shyvers, proceeding *pro se*, filed a petition for writ of habeas corpus

16 under 28 U.S.C. § 2254, naming Dr. Vincent Gollogly and his public defenders, Mark Adire

17 and Ben Goldsmith, as respondents. (Dkt. 5.) Petitioner is currently confined within the

18 King County Correctional Facility awaiting final adjudication of charges filed against him in

19 King County Superior Court. *See* www.dw.courts.wa.gov (King County Sup. Ct. No.

20 10-1-03816-3). *See also Shyvers v. Adire*, No. C12-865-RSM-BAT (Dkt. 16) (describing

21 history of state criminal proceedings). Petitioner raises a variety of complaints regarding his

22 ongoing state criminal proceedings and seeks this Court's intervention in the proceedings,

REPORT AND RECOMMENDATION
PAGE -1

including, *inter alia*, the appointment of new counsel and dismissal of the state criminal charges. The Court recommends that this case be DISMISSED.[1]

Petitioner seeks this Court's intervention in ongoing state criminal matters. However, generally, the federal courts will not intervene in pending state criminal proceedings absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Petitioner here makes no showing of extraordinary circumstances that would justify the Court's intervention in his ongoing state criminal proceedings. *See also Shyvers*, C12-865 (Dkt. 16 at 5-6) (noting that review of King County Superior Court's on-line case summary reveals that plaintiff has had an adequate opportunity to raise his claims in the state proceedings).

Additionally, a federal court "lacks jurisdiction to issue a writ of mandamus to a state court." *Demos v. U.S. Dist. Court for E. Dist. of Wash.*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (citing 28 U.S.C. § 1651). Accordingly, petitions requesting that a federal court "compel a state court to take or refrain from some action[]" are "frivolous as a matter of law." *Id*.

For the reasons stated above, the Court recommends that this matter be DISMISSED

---

[1] The Court also makes this same recommendation in an almost identical habeas matter filed by petitioner in this Court. *See Shyvers v. King County Jail*, No. C12-899-MJP-MAT.

REPORT AND RECOMMENDATION
PAGE -2

01 without prejudice. The Court recommends petitioner not be afforded an additional
02 opportunity to amend his petition because "it is absolutely clear that no amendment can cure the
03 defect." *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). A proposed order
04 accompanies this Report and Recommendation.

05      DATED this <u>8th</u> day of August, 2012.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3